# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SHAUN JASON MARVIN,

*Defendant*.

Criminal Action No. 21-673 (TJK)

## MEMORANDUM ORDER

Defendant pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). ECF No. 84 at 1–2, 12; *see also* ECF No. 82. In December 2022, the Court sentenced Defendant to 96 months of incarceration followed by 120 months of supervised release—a sentence below the applicable sentencing guideline range of 151 to 188 months. *See* ECF Nos. 112, 113. Then, in February 2023, Defendant filed a pro se "Motion for Sentence Reduction," in which he invokes 18 U.S.C. § 3582(c). ECF No. 116. The Government opposes Defendant's motion. ECF No. 119. Because no ground for reducing or modifying a sentence in Section 3582(c) applies to Defendant, the Court will deny Defendant's motion.

\*   \*   \*

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Section 3582(c) provides three such circumstances: "(1) on motion of the Bureau of Prisons, (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,' and (3) to reflect a post-sentence reduction in the applicable sentencing guidelines." *United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997). As amended by the First Step Act of 2018, the first

of these avenues now also authorizes federal courts to entertain a motion for a sentence reduction brought by a *defendant* as well, but only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

None of these circumstances apply to Defendant's case.  First, the Bureau of Prisons has not moved to reduce or modify Defendant's sentence, and Defendant does not argue he has exhausted his administrative remedies so that he may do so.  Nor, for that matter, does Defendant argue that he meets the relevant criteria set out in Section 3582(c)(1)(A).

Second, neither Rule 35 nor any other statute permits the reduction Defendant requests. *See* 18 U.S.C. § 3582(c)(1)(B).  Rule 35 allows a court to: (a) within 14 days of sentencing, "correct a sentence that resulted from arithmetical, technical, or other clear error," or (b) on motion by the government, reduce a sentence for a defendant who has provided "substantial assistance to the government." Fed. R. Crim. P. 35(a)–(b).  Here, even ignoring that well over 14 days have passed since Defendant's sentencing, Defendant has not identified any "arithmetical, technical, or clear error" in his sentence.  *See* Fed. R. Crim. P. 35(a).  Gesturing at Rule 35(b), Defendant says: "At the appropriate time the Defendant requests the United States Attorney's Office file the appropriate motion on his behalf for a sentencing reduction . . . ." ECF No. 116 at 2.  Whether the Government opts to do so is of course beyond the Court's control.  But Defendant's request confirms that, to date, the Government has *not* moved to reduce Defendant's sentence based on his provision of any substantial assistance to the Government, or for any other reason.  *See, e.g.*, *United States v. Nori*, 254 F. Supp. 3d 109, 113 (D.D.C. 2017) (denying motion to reduce sentence under Section 3582(c)(1)(B) when the defendant did "not meet any of [Rule 35's] requirements" because he

had "not provided substantial assistance to the government (and [did] not assert that he [had])," and "did not file his motion within 14 days of sentencing, nor [did] he identify an arithmetical, technical, or clear error"), *aff'd*, 715 F. App'x 23 (D.C. Cir. 2018). Defendant cites no other statutory authority for the Court to reduce Defendant's sentence, and "the Court is unwilling to recharacterize his motion as one brought under [28 U.S.C. § 2255]." *See United States v. Scott*, 756 F. Supp. 2d 96, 100 (D.D.C. 2010) (citing *Douglas v. United States*, 306 F. Supp. 2d 16, 18 (D.D.C. 2004)).

Third, the U.S. Sentencing Commission has not, since Defendant's sentencing, lowered the guideline range that applied then. *See* 18 U.S.C. § 3582(c)(2). And even though Defendant, at the outset, seems to seek relief under this provision, he makes no argument on this score.

\*   \*   \*

At bottom, Defendant's motion provides no basis for why the Court can or should reduce his sentence under 18 U.S.C. § 3582(c). Thus, it is hereby **ORDERED** that Defendant's Motion for Sentence Reduction, ECF No. 116, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 21, 2023